CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 4 2005

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

MICHAEL SCOTT PANNELL,            )
                                  )        Civil Action No. 7:05-CV-00147
    Petitioner,           )
                                  )
v.                                )        **MEMORANDUM OPINION**
                                  )
UNITED STATES OF AMERICA,         )
                                  )        By: Samuel G. Wilson
    Respondent.           )        United States District Judge

Petitioner Michael Scott Pannell brings this 28 U.S.C. § 2255 motion, challenging his

convictions and sentences for possession of a firearm by a felon, possession of marijuana with

intent to distribute, and possession of a firearm in furtherance of drug trafficking. This matter is

before the court on the respondent's motion to dismiss. Pannell claims that the trial court erred

in denying his motion for judgment of acquittal, that the government made improper comments

during its closing statement, that his sentence is unconstitutional in light of Blakely and Booker,[1]

and that his counsel provided ineffective assistance. The court finds that Pannell's claims of trial

court error and prosecutorial misconduct have already been adjudicated on direct appeal; that

Blakely and Booker are not applicable to Pannell's petition; and that Pannell has failed to

demonstrate prejudice stemming from his attorney's alleged errors. Accordingly, the court grants

the respondent's motion to dismiss.

## I.

A grand jury indicted Pannell for possession of a firearm by a felon, possession of

---

[1]Blakely v. Washington, 542 U.S. 296 (2004) (holding that a court may not impose a sentence exceeding the statutory maximum based on any facts which have not been either found by a jury or admitted to by the defendant); United States v. Booker, 125 S. Ct. 738 (2005) (applying the Blakely holding to the federal sentencing guidelines).

marijuana with intent to distribute, and possession of a firearm in furtherance of drug trafficking. Pannell pled not guilty. At trial, Pannell's girlfriend took the stand and, when asked if she might have been the owner of the firearm or marijuana Pannell was charged with carrying, she denied ownership. The jury found Pannell guilty, and the court sentenced him to 420 months incarceration and 60 months supervised release. Pannell appealed, claiming, among other things, that the trial court erred in denying his motion for judgment of acquittal and that the government made improper comments during its closing. The Court of Appeals for the Fourth Circuit denied Pannell's claims and affirmed his conviction and sentence.

In his § 2255 motion, Pannell claims that the court erred in denying his motion for judgment of acquittal, that the government's closing argument denied him a fair trial, that his sentence is unconstitutional in light of Blakely and Booker, and that his counsel provided ineffective assistance.

## II.

Because the Fourth Circuit has already adjudicated them on the merits, this court may not collaterally review Pannell's claims of trial court error and prosecutorial misconduct. See United States v. Roane, 378 F.3d 382 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Accordingly, the court dismisses those claims.

## III.

The Supreme Court did not make its decisions in Booker retroactively applicable to cases on collateral review. See Booker, 125 S. Ct. at 769; United States v. Johnson, 353 F.Supp. 2d 656 (E.D. Va. 2005). Therefore, the court dismisses Pannell's Blakely/Booker claim.

## IV.

2

In order to prevail on a claim of ineffective assistance, Pannell must show both that his counsel acted unreasonably and that the outcome of his case would have been different but for counsel's alleged errors. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Further, Pannell "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." <u>Id</u>. at 690. Here, Pannell launches an unreviewable generalized attack on his attorney's performance, claiming he "did not conduct a [sic] independent investigation, interview witnesses, nor [sic] properly prepare for trial and establish a [sic] affirmative defense by researching the appropriate laws to the offenses charged." Pannell does specifically allege that the firearm he was charged with carrying actually belonged to his girlfriend and that his attorney failed to exact that admission from her. However, the record clearly demonstrates that Pannell's girlfriend did take the stand, that Pannell's counsel did cross-examine her, and that she denied any ownership of the firearm or drugs under oath. Pannell has not explained what more his counsel could have done to counteract her sworn testimony or to impeach her credibility.

Pannell also alleges that counsel failed to object to the trial court's "denial of [his] witness." This claim is factually meritless. Thus, the court finds that Pannell has failed to demonstrate a reasonable probability that, but for his counsel's performance, the outcome of his case would have been different. <u>See</u> <u>Strickland</u> 466 U.S. at 694 (1984). Accordingly, the court dismisses Pannell's ineffective assistance claims.

**V.**

For the reasons stated, the court grants the respondent's motion to dismiss.

3

**ENTER**: This _14th_ day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE

4